IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| RODOLFO PEREZ SERPAS, | Case No. 2:17-cv-00521-SU |
| Plaintiff, | |
| | **OPINION AND ORDER** |
| v. | |
| MJ'S LABOR SERVICES, INC., a domestic corporation; JAMES MAGOTEAUX; and JANI MAGOTEAUX, | |
| Defendants. | |

SULLIVAN, United States Magistrate Judge:

    Plaintiff Rodolfo Perez Serpas moves to extend case management deadlines by 60 days. (Docket No. 32). Defendants oppose. (Docket No. 37). For the following reasons, the Court GRANTS plaintiff's Motion.

Plaintiff commenced this action on March 31, 2017. (Docket No. 1). The Court conducted a Rule 16 Conference on July 11, 2017, and established various deadlines, some of which were modified at a Status Conference on October 11, 2017. (Docket Nos. 16, 26). Discovery was to be completed by December 1, 2017. The Pretrial Order was to be due 30 days after the Court's ruling on any dispositive motions, or by January 2, 2018, if no such motions were filed. Expert discovery was to be completed by February 1, 2018. No deadline for expert disclosures was set, other than the default disclosure timeline set by Fed. R. Civ. P. 26(a)(2)(D).

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiff seeks to extend the fact discovery deadline, and Pretrial Order deadline, by 60 days. Pl. Mot. Extend (Docket No. 32). Plaintiff also requests the Court set a deadline for expert disclosures. *Id.* This is the first extension requested as to the case management schedule and discovery deadlines. Plaintiff has explained that the parties have diligently pursued discovery thus far, and specifies that he requests additional time due to one deposition being held open, and the need to make a formal discovery request for additional documents. Del Carlo Decl. ¶ 3 (Docket No. 33). The Court finds that this constitutes good cause for a first requested extension.

Defendants object to an extension, though agree that a date for expert disclosures should be set. (Docket No. 37). Defendants offer a competing timeline of the parties' discovery conduct, and argue that an extension would cause prejudice and unduly delay, specifically regarding a delay of a trial date, which has not yet been set. While the Court acknowledges

defendants' concerns, the Court finds that potential delay of a yet-unscheduled trial date does not constitute prejudice and undue delay such that plaintiff's Motion should be denied.

Accordingly, the Court GRANTS plaintiff's Motion. Discovery is to be completed 60 days from the issuance of this Order, on February 16, 2018. The Pretrial Order is due 30 days after the Court's ruling on any dispositive motions, or by March 3, 2018, if no such motions are filed. Expert disclosures are to be made by 60 days after close of fact discovery, on April 17, 2018.

IT IS SO ORDERED.

DATED this 15th day of December, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge